Milton S. **MAYER**

v.

**Dean RUSK, Secretary of State,**
**Washington, D. C.**

Civ. A. No. 1034-63.

United States District Court
District of Columbia.

Dec. 3, 1963.

David Carliner, Washington, D. C. with whom Jack Wasserman and Oliver Stone, Washington, D. C., were on the brief, for plaintiff.

Benjamin C. Flannagan, Attorney, Dept. of Justice, for defendant.

Before McGOWAN, Circuit Judge, and SIRICA and HART, District Judges.

HART, District Judge:

On June 13, 1963, upon application of the plaintiff and agreement of the Government and after motion to convene a three-judge Court was granted, this Court was appointed to hear the question of the constitutional validity of Section 6 of the Subversive Activities Control Act of 1950, 64 Stat. 993, 50 U.S.C. § 785, as applied to the facts of the case at bar and the question of whether, if the statute is constitutional, the Secretary of State may make the processing of an application for a new passport conditional upon either an affirmation by the applicant that he is not a member of the Communist Party of the United States of America or an explanation by the applicant of his inability to make such an affirmation.

Both parties moved for summary judgment stating that there is no genuine issue of material fact involved and the Court finds that there is no genuine issue of material fact involved.

On January 18, 1963, Mr. Milton S. Mayer, plaintiff in this case, executed a formal application for issuance of a new passport on the application form proffered him at the American Embassy in Bern, Switzerland. He answered the following questions required to be completed on the face of the application swearing that he had not

"since acquiring United States citizenship, been naturalized as a citizen of a foreign state; taken an oath or made an affirmation or other formal declaration of allegiance to a

foreign state; entered or served in the armed forces of a foreign state; accepted or performed the duties of any office, post, or employment under the government of a foreign state or political subdivision thereof; voted in a political election in a foreign state or participated in an election or plebiscite to determine the sovereignty over foreign territory; made a formal renunciation of nationality either in the United States or before a diplomatic or consular officer of the United States in a foreign state; ever sought or claimed the benefits of the nationality of any foreign state; been convicted by a court or court martial of competent jurisdiction of committing any act of treason against, or attempting by force to overthrow, or bearing arms against, the United States, or conspiring to overthrow, put down or to destroy by force, the Government of the United States; or departed from or remained outside of the jurisdiction of the United States for the purpose of evading or avoiding training and service in the military, air or naval forces of the United States; \* \*."

He also declared his allegiance to the Constitution of the United States. Plaintiff refused to sign, as part of his application, a statement which read:

"I am not and have not been at any time during the period of 12 full calendar months preceding the date of this application (and no other person to be included in the passport is or has been a member at any time during said period) a member of any organization registered or required to register under Section 7 of the Subversive Activities Control Act of 1950, as amended (50 U.S.C. § 786)."

(NOTE: Applicant raises no question as to the 12 month provision not being authorized by statute. Applicant states his position would be the same if the words "and have not been at any time during the period of 12 full calendar months preceding the date of this appli-

cation" were omitted. The Court makes no decision as to the propriety or impropriety of the 12 month provision.)

Subsequently, on March 11, 1963, at San Francisco, California, he re-executed his application for a passport on Form DSP–11, prescribed in May, 1962, which form contained the same declarations on its face as those of the Bern application. Plaintiff again answered and affirmed all of the declarations required except that relating to membership in an organization registered or required to register under Section 7 of the Subversive Activities Control Act. With regard to all declarations required on Form DSP–11 there is the following provision:

"If any of the above mentioned acts or conditions have been performed by or apply to the applicant or to any other person to be included in the passport, the portion which applies should be struck out, and a supplementary explanatory statement under oath (or affirmation) by the person to whom the portion is applicable should be attached and made a part of this application."

Paragraph 6 of Information for Passport Applicants, printed on the back of Form DSP–11, sets forth that the only organization registered or required to register as a Communist organization under Section 7 of the Internal Security Act of 1950 is The Communist Party of the United States of America.

Plaintiff, in refusing to affirm the declaration set forth on the application form as to membership in The Communist Party of the United States of America, informed the Department of State that he refused to execute this statement on the grounds that it was a "test oath" which violated his constitutional rights. It must be noted that the plaintiff did not assert that the required declaration, or the required explanatory statement if the declaration could not be made, would violate his right against self-incrimination insured by the Fifth Amendment, and therefore the question of self-incrimination is not raised.

The Department of State notified plaintiff that absent such affirmation or explanation, the application must be considered incomplete and would not be processed until such time as it is completed.

On April 20, 1963, Mr. Mayer filed this action seeking a declaratory judgment and an injunction restraining the enforcement of Section 6 of the Subversive Activities Control Act, 50 U.S.C. § 785.

 Before this Court Mr. Mayer claims that to refuse to process his passport application because he refused to affirm non-membership in the Communist Party denies him his liberty of travel in violation of the Constitution. He asserts that Section 6 of the Subversive Activities Control Act, upon which the requirement depends, is unconstitutional and that even if Section 6 is constitutional, making such an affirmation a condition precedent to the processing of his passport application violates due process by shifting to him the burden of proving his ability to qualify for a passport.

The question of the constitutionality of Section 6 of the Subversive Activities Control Act of 1950 has previously been raised and decided by a three-judge Court in this Circuit. In Flynn v. Rusk, and Aptheker v. Rusk, D.C., 219 F.Supp. 709, a three-judge Court of this Circuit upheld the constitutionality of Section 6. This Court agrees with the decision of that Court.

It is clear that the Secretary of State has the statutory authority to refuse to process an incomplete application for a passport if the information required on the application is proper and authorized by law. The provisions of 22 U.S.C. § 213 state:

"*Before a passport* is issued to any person by or under authority of the United States such person shall subscribe to and submit a written application duly verified by his oath * * * which said application shall contain a true recital of each and

every matter of fact which may be required by law or by any rules authorized by law to be stated as a prerequisite to the issuance of any such passport." (Emphasis supplied)

By State Department regulation information regarding membership in the Communist Party is required to complete the application. The non-affiliation declaration, when read in conjunction with the explanatory statement provision which immediately follows it on Form DSP-11, calls for such information. Section 51.134 of the Passport Regulation (22 C.F.R. 51.134) provides:

"Application for passports should be made on the most recent form or forms prepared by the Department of State and should contain complete information called for in such form or forms." [1]

If the requirement is a valid one, and the information is not supplied, the application is incomplete and need not be processed.

Plaintiff concedes this, but maintains that to decline to process his application and to issue him a passport because he refuses to affirm non-membership in the Communist Party is, in effect, to conclude that he is a Communist Party member, and to restrain his liberty as if he were a member, without holding a hearing and without requiring the Government to prove by a preponderance of the evidence that applicant is a member of the Communist Party of the United States of America.

Plaintiff misstates the case. A passport has not been denied him because he is considered a member of the Communist Party, but because he has failed to submit a completed application. Under Section 51.134 of the Regulations, the same thing would result if he refused to answer any of the other questions set forth on the face of the application such as whether he had become a naturalized citizen of a foreign state after acquiring

---

1. This regulation was issued by the Secretary of State by the authority granted him under 22 U.S.C. § 211a.

United States citizenship, served in a foreign army, etc.

Mr. Mayer is an applicant for a passport and the same rules of law apply to him as to many other types of applicants. Applicants for radio licenses, marriage licenses and voting privileges must supply required data before the applicant may exercise his right. As was said by Judge Prettyman in Briehl v. Dulles, 101 U.S. App.D.C. 239 at 252, 248 F.2d 561 at 574 (1957), "There is nothing new or novel about requiring an applicant for a permit or license to supply pertinent information under oath."

The Secretary of State, in exercising his powers over the granting or withholding of passports, is entitled to relevant information. Information as to Communist Party membership is certainly relevant to the carrying out of the Secretary's duties in compliance with Section 6 of the Subversive Activities Control Act wherein Congress has directed the Secretary not to issue a passport to a present member of the Communist Party of the United States of America and has provided criminal penalties against the Secretary if he issues a passport to a person whom he knows or has reason to believe is a member of said Party.

Mr. Mayer, however, relying on Speiser v. Randall, 357 U.S. 513, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958), argues that the affirmation in question differs from other required information in that it places the burden upon the applicant to deny the very thing that the Government must prove to refuse him a passport, i. e. membership in the Communist Party. It is true that if an applicant stated on the application that he or she was presently a member of the Communist Party, denial of a passport could result after regular processing of the application under the pertinent State Department regulations but the situation could be the same if the applicant responded affirmatively that any of the other conditions which are valid reasons for denial of a passport applied to him. This possibility does not bring the requirement of information regarding membership in the Communist Party within the prohibition of Speiser. What was there condemned was an entire procedure which was designed to place the burden of proof upon the applicant at all stages of the proceedings in violation of due process, the oath required being a part of that procedure. It was held that since the procedure taken as a whole was invalid then the requirement of the oath, the first step in the invalid procedure, was bad. In the procedure provided for and followed by the Secretary of State in determining whether any applicant is a member of the Communist Party, including a hearing before an examiner and right of appeal to the Board of Passport Appeals, the burden of proof is always upon the Government.[2] This distinguishes the case at bar from the Speiser case.

Defendant's Motion for Summary Judgment is granted.

Plaintiff's Motion for Summary Judgment is denied.

Plaintiff's request for injunctive relief and for declaratory judgment is denied.

Plaintiff's Complaint is dismissed with prejudice.

SIRICA, J., concurs.

McGOWAN, Circuit Judge (concurring):

This case, unlike Flynn v. Rusk, and Aptheker v. Rusk, D.C., 219 F.Supp. 709, both decided July 12, 1963, does not present the question of the constitutionality of Section 6 of the Subversive Activities Control Act of 1950, 64 Stat. 993, 50 U.S.C. § 785, as applied to one who is concededly a member of the Communist Party and who has been denied a passport for that reason. I, therefore, have no occasion to speak to that issue. Neither does it present the questions which would arise if the plaintiff were pressing a Fifth Amendment privilege against self-incrimination as his justifi-

2. See: Sections 51.138–51.170 Passport Regulations, 22 C.F.R. 51.138–51.170.

cation for failure to respond to all of the requests for information contained in the application form employed by the State Department.

It is enough for me that Congress has, upon the basis of detailed legislative findings as to the nature of the Communist Party, determined by statute that, at the least, the fact of present membership in the Communist Party is a relevant circumstance to be taken into account by the Secretary of State in deciding whether to issue a passport in any particular case. Whether that fact alone ends the matter, or whether the Secretary either can or should take into consideration other facts such as the degree of the individual's conscious attachment to, or active promotion of, the Party's objectives, or the purposes of the travel for which the passport is sought, are, I repeat, questions not presented by this record, because here there has been no denial of a passport but only a refusal to pursue the processing of the application because of its incompleteness.

This incompleteness is defended only on the ground of a generalized aversion in principle to what is characterized by the plaintiff as a "test oath;" and the constitutional underpinning for this position is supplied in the form of a claim of the denial of substantive constitutional rights of free speech and association under the First Amendment, and of procedural due process rights under the Fifth.

As to the latter, it is important, as Judge Hart's opinion makes clear, that the Secretary has, by regulation, fully accepted the burden of proving that the plaintiff is a member of the Communist Party upon any challenge by the Secretary of a statement in the application that he is not. Speiser v. Randall, 357 U.S. 513, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958), is, thus, a wholly different case. If the plaintiff here chooses to complete the application form he need not apprehend that he will ever be placed under the burden of proving the truth of his representation. Rather, the burden of disproving it is explicitly the

Secretary's. The procedure so provided does not impress me as clashing with the concepts of fundamental fairness embodied in the due process clause of the Fifth Amendment. Certainly it presents no traps or pitfalls which warrant one who is not a member of the Communist Party from being unwilling to say so.

With respect to the First Amendment claim, this plaintiff's relationship to the focus of the argument is somewhat obscure. As noted hereinabove, this is not a case where a passport has been denied because of Communist Party membership, nor is there any allegation that plaintiff has been, or is being, thwarted in a desire to join the Party or to propagate its doctrines because of the impact that such speech or association might have on his right to secure a passport. The record generally, and plaintiff's brief in particular, appear to me freighted with implications that plaintiff is in fact neither a member of the Party nor moved by any desire to join. Under these circumstances, there may well be a serious question as to the appropriateness of the advancement by plaintiff of this First Amendment argument. We need not make the matter turn on this point, however, although it does seem to emphasize the slenderness of the reed upon which plaintiff leans in this respect.

His argument is that his volunteering a statement as to non-membership operates generally to deter political utterance and association on his part. But clearly, in the context of this record, the element of deterrence involved is not excessive in the constitutional sense. Congress has made detailed findings as to the nature of the Communist conspiracy, the threat it presents to the American system of government, and the part that international travel can and does play in the effectuation of that conspiracy. There is, thus, a relationship between Communist Party membership and the grant of a passport which enables Congress to say, as a minimum, that the fact of membership is relevant in the Secretary of State's determination. Without endeavoring to define the outermost limits

934

of Congressional power in this regard, nor to prescribe exactly how the statute shall be construed and applied, it can be said that a mere general distaste for stating the fact of one's political non-affiliation does not outweigh the Secretary's interest in knowing—and, indeed, his obligation to try to ascertain—whether passport applicants are Party members. The administrative magnitude of the Secretary's task in applying all of the relevant standards to the many passport requests received by him is obviously very great. Those applicants who refuse to state what the facts are carry a heavy burden of showing that they are deprived of constitutional rights when their applications are treated as incomplete. I can not say that the plaintiff here has met that burden.